UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tristan Tierney, | ) C/A: 2:15-4385-DCN-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Unique Management Services, Inc., | ) |
| Defendant. | ) |

This is a civil action filed by the Plaintiff, Tristan Tierney, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B),



a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

## Discussion

Plaintiff, a patron of the Charleston County Public Library (CCPL), alleges a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. Plaintiff admits he incurred $45.55 in fines and fees relating to his use of the library (including overdue fees and book replacement fees) which he asserts were authorized by the membership contract between Plaintiff and CCPL. CCPL allegedly authorized Defendant Unique Management Services, Inc., a debt collection service, to collect the debt from Plaintiff because it exceeded $25. Plaintiff claims that Defendant suggested, and CCPL added, a $10 fee for "sending patron bills to collection agency," increasing the alleged debt to $55.55. Plaintiff contends that the $10 fee is not expressly authorized by the Library Card Application, which allegedly includes the statement "I understand that if fines and fees reach $25 or more, my account will be sent to a collection agency," but does not mention the $10 fee for the collection agency's activities. He also claims that the library card itself, as well as CCPL's policies and procedures (which are agreed to by the library patron in the Application and library card), do not mention the $10 processing fee. Complaint, ECF No. 1 at 2-4.

2



Plaintiff asserts that he is a "consumer" and Defendant is a "debt collector" as defined in the FDCPA, and that the Defendant's attempted collection of $55.55 from him (on October 8, 2015) is an unfair practice which violates the FDCPA, 15 U.S.C. 1692f(1), because Defendant included a $10 fee which is not authorized by any agreement or permitted by law. Plaintiff states that he notified Defendant by mail that the attempted collection included an extra-contractual fee and thus violated the FDCPA, but Defendant continued its debt collection efforts on the $55.55 balance without removing the extra-contractual fee (which he asserts made their efforts an unfair practice) and continues to threaten to report the debt to collection agencies. ECF No. 1 at 2, 4. Plaintiff seeks $10 in actual damages, $1000 in statutory damages as provided in the FDCPA, and attorney's fees. Id. at 5.

Violations of the FDCPA give rise to a private right to action that "may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d). Title 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Id. Conduct that violates the FDCPA includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). To establish a claim under the FDCPA, "a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012)(quoting Ruggia v. Wash. Mut., 719 F.Supp.2d 642, 647 (E.D.Va. 2010)). "Debt collectors that violate the FDCPA are liable to the



debtor for actual damages, costs, and reasonable attorney's fees." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 389 (4th Cir. 2014)(citing 15 U.S.C. § 1692k(a)(1), (a)(3)). "The FDCPA also provides the potential for statutory damages up to $1,000 subject to the district court's discretion. Id. (citing § 1692k(a)(2)(A)).

A threshold requirement for application of the FDCPA is that the obligation at issue qualify as a "debt" as that term is defined in the Act. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir.1998) (citing Mabe v. G.C. Servs. Ltd. Part., 32 F.3d 86 (4th Cir. 1994)); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163 (3d Cir. 1987)); Riebe v. Juergensmeyer & Assocs., 979 F.Supp. 1218, 1220 n. 3 (N.D.Ill. Oct. 31, 1997)).  A consumer debt is defined under the FDCPA as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C.A. § 1692a(5).

However, the term "debt" is not used in the broadest possible sense because "not all obligations to pay are considered 'debts' under the act." Bass v. Stolper, Koritzinsky, Brester & Neider, 111 F.3d 1322, 1324 (7th Cir.1997).  Rather, the term "debt," as defined in the Act, serves to limit the scope of the FDCPA to specific types of obligations, i.e., "those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." Bass, 111 F.3d at 1326 (citing Shorts v. Palmer, 155 F.R.D. 172 (S.D. Ohio 1994) and Mabe, 32 F.3d at 88).

To establish a claim under the FDCPA, a plaintiff must allege and prove that the subject of the debt is primarily for "personal, family, or household purposes." See 15 U.S.C.

4



§ 1692a(5); see also Boosahda, 462 F. App'x at 335.  Here, Plaintiff has failed to allege a proper claim, as he has not sufficiently pled that he has been the object of collection activity arising from "consumer debt."  The borrowing of library materials, and the failure to return or timely return them which results in library fines, does not constitute such a "consumer debt."  See Riebe, 979 F. Supp. at 1221-1222 [The borrowing of a library book is not the type of conduct that the FDCPA considers a transaction and the ensuing obligation to pay for failure to return the book does not create a "debt" under the FDCPA].  Therefore, Plaintiff's claim under the FDCPA should be dismissed without prejudice.

Finally, although there is no indication in Plaintiff's Complaint that he is a minor, the undersigned is constrained to note that in another lawsuit filed by the Plaintiff after the filing of this Complaint, he states that he is "a minor citizen of the United States," and complains about the censoring of Internet materials at his high school based on the materials allegedly being "inappropriate for minors."  See Tierney v. Charleston County School District, No. 2:15-5036-DCN-BM (D.S.C), ECF No. 1 at 1-2.* If Plaintiff is a minor, he lacks the capacity to even bring this case on his own behalf, although he may be represented by a parent or guardian.  See Fed.R.Civ.P. 17(c); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir.2009).**  Even so, although as a general

---

*A federal court may take judicial notice of the contents of its own records.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

**However, even were Plaintiff to amend his complaint to have his parent or guardian represent him, non-attorney parents may not litigate the claims of their minor children in federal court. See Myers v. Loudoun Cnty. Public Schs., 418 F.3d 395, 401 (4th Cir. 2005) [holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court"]; Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990) [holding that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"]; Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) [holding that a father, acting pro se,
(continued...)



rule the court may not dismiss a claim on the merits if the claim is brought by an incompetent person who is not properly represented; <u>Berrios</u>, 564 F.3d at 135; the recommendation here is that this action be dismissed without prejudice. Therefore, dismissal will not be a disposition on the merits. <u>See</u> <u>Southern Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC</u>, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted).

## **Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 12, 2016
Charleston, South Carolina

---

**(...continued)
could not represent his daughters]. An individual's right to represent himself or herself <u>pro se</u> in federal court is protected by statute. <u>See</u> 28 U.S.C. § 1654. But the right to litigate one's claims without an attorney "does not create a coordinate right to litigate for others." <u>Myers</u>, 418 F.3d at 400.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

